**JAMES R. GREINER, ESQ.**
CALIFORNIA STATE BAR NUMBER 123357
**LAW OFFICES OF JAMES R. GREINER**
555 UNIVERSITY AVENUE, SUITE 290
SACRAMENTO, CALIFORNIA 95825
TELEPHONE:(916) 649-2006
FAX: (916) 920-7951
E MAIL: jaygreiner@midtown.net

ATTORNEY FOR DEFENDANT
CLIFFORD PALM

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　PLAINTIFF,<br><br>v.<br><br>DONALD F. NEUHAUS, et al.,<br><br>　　DEFENDANTS. | CR.-S-07-00366-GEB<br><br>STIPULATION AND PROPOSED ORDER TO CONTINUE THE STATUS CONFERENCE TO FRIDAY, SEPTEMBER 10, 2010 |

　　Plaintiff United States of America, by its counsel, Assistant United States Attorney, Mr. Matthew C. Stegman, and defendant Kimberly Snowden by her attorney Mr. Scott Tedmon, defendant Robert Eberle by his attorney Mr.Timothy Warriner, defendant Barbara Eberle by her attorney Mr. Joseph Wiseman, defendant Robert Koppel by his attorney Mr. Christopher H. Wing, defendant Mark Wolok by his attorney Mr. Chris Haydn-Myer and defendant Clifford Palm, by his attorney James R. Greiner, hereby stipulate and agree that the status conference calendared for **Friday, May 14, 2010, at 9:00 a.m.** before the Honorable United States District Court Judge, Garland E. Burrell, Jr., may be vacated for the Court's calendar and a new status conference date may be set for **Friday, September 10, 2010, at 9:00 a.m.**

1

The Court's courtroom deputy, Ms. Shani Furstenau, has been contacted to ensure the Court's calendar was available for that date and the Court is available on **Friday, September 10, 2010.**

All of the defendants are out of custody on pre-trial release conditions. There is no trial date set. The Court has previously made a finding that this case is complex pursuant to the Speedy Trial Act, Title 18 U.S.C. section 3161(h)(7)(B)(ii) and local code T-2**,** which allowed the Court to make the finding that this case is so unusual or so complex**,** due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established by the Speedy Trial Act. (See Docket Entries # 81, 101, 105,124, 134). In addition, the Court previously found from the record made with factual support, that time is to be excluded under local code T-4, that time is to be excluded for the reasonable time necessary for effective preparation by defense counsel and Title 18 U.S.C. section 3161(h)(7)(B)(iv), of the speedy trial act**.** (See Docket Entries # 81, 101, 105, 124, 126, 134 and 144)

### STATUS OF THE CASE

Two new CJA appointed lawyers have been substituted into the case since January 13, 2010. On January 13, 2010, the Court signed an Order appointing Joseph Wiseman to represent defendant Barbara Eberle. (See Docket Entry # 142). On March 26, 2010, the Court signed an Order appointing Timothy Warriner to represent Robert Eberle. (See Docket Entry # 147)

It is the understanding of the parties that shortly a third new CJA attorney will be appointed in the case to represent defendant Robert Koppel.

The volume of discovery from the vendors in Dallas and Oakland totals approximately 577,000 pages, which the defense has produced to the government plus an additional approximate 10,000, or so, page the government has produced to

the defense.

All of the discovery obtained by CJA defense counsel from Dallas and Oakland was delivered to the government on Thursday, August 27, 2009.

The two new CJA lawyers, Joseph Wiseman and Timothy Warriner, have just begun the review of the voluminous discovery. The third CJA lawyer, has not yet even begun this process.

Now that the documents from Dallas and Oakland have been imaged and forwarded to CJA defense counsel and the government, a significant amount of time will need to be spent: 1- reviewing this voluminous discovery; 2-meeting with the defendants; 3-meeting and conferring with the defendants while going over the voluminous discovery; 4-CJA defense counsel are also considering and considering putting together investigative requests for the Court, however, since new lawyers are still being appointed, the defense is prudently waiting until all the appointed lawyers are in the case and have had a reasonable opportunity to review the voluminous discovery, so that meaningful discussions about investigation and sharing of investigation, thus a cost savings to the Court, can be held; 5- CJA defense counsel also are evaluating and considering potential consultants and potential expert witnesses, again, however, since new lawyers are still being appointed the defense is prudently waiting until all the appointed lawyers are in the case and have had a reasonable opportunity to review the voluminous discovery, so that meaningful discussions about potential consultants and/or potential experts, thus a cost savings to the Court, can be held; ; 6- CJA counsel while reviewing the voluminous discovery and meeting with the defendants are considering potential motions to be filed pre-trial with the Court, again, however, since new lawyers are still being appointed the defense is prudently waiting until all the appointed lawyers are in the case and have had a reasonable opportunity to review the voluminous discovery so that meaningful discussions about such potential pre-trail motions, can be held.

Based on the record of the case to date and the information contained in the status reports to the Court and contained in the Stipulations, the parties agree and stipulate **to continue this case to Friday, September 10, 2010, at 9:00 a.m. for a further status conference.**

All parties agree and Stipulate that this Court can make the appropriate findings supported by the record in this case that this case is complex pursuant to the Speedy Trial Act, **Title 18 U.S.C. section 3161(h)(7)(B)(ii) and local code T-2,** which allows the Court to make the finding that this case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established by the Speedy Trial Act. (See Docket Entries # 81, 101, 105,124 and 134). In addition, the Court can make a finding from the record in this case, that time shall also be excluded under **local code T**-4, that time is to be excluded for the reasonable time necessary for effective preparation by defense counsel and **Title 18 U.S.C. section 3161(h)(7)(B)(iv)**, of the speedy trial act**.** (See Docket Entries # 81, 101, 105, 124, 126, 134 and144)

                      Respectfully submitted,

                      BENJAMIN B. WAGNER
                      UNITED STATES ATTORNEY

                      /s/ Matthew C. Stegman by e mail authorization

DATED: 5-13-10               _____
                      Matthew C. Stegman
                      ASSISTANT UNITED STATES ATTORNEYS
                      ATTORNEY FOR THE PLAINTIFF

DATED: 5-13-10
                      /s/ Scott Tedmon  by telephone  authorization
                      _____
                      Scott Tedmon
                      Attorney for Defendant
                      Kimberly Snowden

DATED: 5-13-10          /s/ Timothy Warriner by e mail authorization
                        _____
                        Timothy E. Warriner
                        Attorney for Defendant
                        Robert Eberle

DATED: 5-13-10          /s/ Joseph J. Wiseman by e mail authorization
                        _____
                        Joseph J. Wiseman
                        Attorney for Defendant
                        Barbara Eberle

DATED: 5-13-10          /s/ Christopher H. Wing by e mail authorization
                        _____
                        Christopher H. Wing
                        Attorney for Defendant
                        Robert Koppel

DATED: 5-13-10          /s/ Chris Hayden-Myer by e mail authorization
                        _____
                        Chris Hayden-Myer
                        Attorney for Defendant
                        Mark Wolok

DATED: 5-13-10          /s/ James R. Greiner
                        _____
                        James R. Greiner
                        Attorney for Defendant
                        Clifford Palm

**ORDER**

Based upon the representations of counsel, the record in this case, and the agreements and stipulations between all counsel in the case, and that

All parties agree and Stipulate that this Court can make the appropriate findings supported by the record in this case that this case is complex pursuant to the Speedy Trial Act, **Title 18 U.S.C. section 3161(h)(7)(B)(ii) and local code T-2,** which allows the Court to make the finding that this case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established by the

Speedy Trial Act. (See Docket Entries # 81, 101, 105,124 and 134). In addition, the Court can make a finding from the record in this case, that time shall also be excluded under **local code T**-4, that time is to be excluded for the reasonable time necessary for effective preparation by defense counsel and **Title 18 U.S.C. section 3161(h)(7)(B)(iv)**, of the speedy trial act**.** (See Docket Entries # 81, 101, 105, 124, 126, 134 and144)

The Status Conference currently set for **Friday, May 14, 2010, is vacated**, and the **new Status Conference is set for Friday, September 10, 2010**, with time excluded under the Speedy Trial Act **from May 14, 2010**, **through to and including Friday, September 10, 2010,** for the reasons agreed to and stipulated by the parties and as stated herein.

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: May 18, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge