IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 2:07-cr-0366-GEB |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | <u>CJA ATTORNEY FEE/EXPENSE</u> |
| | ) | <u>REDUCTION</u> |
| KIMBERLY SNOWDEN; CLIFFORD PALM; | ) | |
| MARK E. WOLOK; ROBERT EBERLE; | ) | |
| BARBARA EBERLE; and ROBERT | ) | |
| KOPPEL, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Attorney James Greiner's voucher submitted under the Criminal Justice Act ("CJA") includes time and expenses for "travel to and from client's residence for conference with client[,]" a trip Greiner made four times, traveling 33.1 miles round-trip each time. Greiner made these trips on April 6, April 11, May 12, and June 23, 2011, and billed a total of 6.4 hours for his travel time; Greiner also seeks recovery of the mileage rate for the 132.4 miles he traveled during the four trips in his automobile. Greiner also billed 0.8 hours of travel time on April 6, 2011 for his travel time "to and from the Effort . . . with client[;]" Greiner does not claim the mileage for this trip. In total, Greiner seeks 7.2 hours of compensation for the above mentioned travel time and $67.52 for use of his automobile during that travel.

1

However, Greiner has not shown that his travel to and from his client's residence and to the Effort was "[t]ime spent in necessary and reasonable travel[.]" Guidelines for Administering the CJA and Related Statutes, Vol. 7A, Guide to the Judiciary Policy § 230.60 (a). Greiner's client was not in custody, and normally, CJA attorneys do not make house calls. Further, nothing in Greiner's client's financial affidavit filed September 7, 2007, indicates Greiner's client lacks the financial means to provide his own transportation to Greiner's law office. (ECF No. 56.) Further, Pretrial Services has been contacted about the travel to the Effort, and has informed the undersigned judge that if Greiner's client needed transportation to the Effort, free bus passes are available for that travel. Therefore, absent a showing that the above referenced billing entries were for necessary and reasonable travel time, neither this time nor Greiner's automobile travel expenses are compensable under the CJA.

Accordingly, Greiner's compensation request is reduced by $967.52 ($900 for the 7.2 hours of travel time and $67.52 in travel expenses for Greiner's mileage), which shall be a permanent reduction unless Greiner responds to this reduction in a filing due no later than October 31, 2011, in which he requests a hearing on the reduction, and he subsequently presents at that hearing sufficient information justifying the billing.

Dated: October 18, 2011

GARLAND E. BURRELL, JR.
United States District Judge